IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEADRA CATLETT, et al.,

    Plaintiffs,

v.

MCKESSON CORPORATION, a California corporation, SMITHKLINE BEECHAM CORPORATION d/b/a/ GLAXOSMITHKLINE LLC, a corporation, and DOES 1–100, inclusive,

    Defendants.

No. C 13-03067 WHA

**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO STAY**

## INTRODUCTION

In this pharmaceutical products-liability action, plaintiffs move to remand to state court for lack of federal jurisdiction while defendants move to stay all proceedings pending potential transfer to an MDL. For the reasons stated below, plaintiffs' motion to remand is **GRANTED** and defendants' motion to stay is **DENIED**.

## STATEMENT

Plaintiffs filed a complaint in the Superior Court of the State of California for the County of San Francisco in June 2013 for alleged injuries from the use of Avandia, a prescription pharmaceutical used to treat type-2 diabetes. Among other defendants, plaintiffs filed suit against McKesson Corporation, a California-based pharmaceutical distributor. Defendant

1  GlaxoSmithKline LLC removed the action to federal court on fraudulent joinder grounds and
2  moved to stay this action pending transfer to the Avandia MDL in the United States District
3  Court for the Eastern District of Pennsylvania. Plaintiffs then filed a motion to remand, arguing
4  that this Court should first consider the merits of its motion before entertaining any stay of these
5  proceedings.

6  This order follows full briefing and oral argument.

**ANALYSIS**

Our court of appeals has not yet addressed whether courts must first decide the merits of a motion to remand before determining whether to stay the proceedings. Generally speaking, a stay is warranted if this would serve judicial economy. *See, e.g.*, *In re Iphone Application Litig.*, No. 10-5878, 2011 WL 2149102, at *2 (N.D. Cal. May 31, 2011) (Judge Lucy Koh). In similar actions involving Avandia, courts in this district have granted a stay. Those courts found that doing so would promote judicial economy because the MDL judge has addressed issues of "fraudulent joinder, fraudulent misjoinder of plaintiffs, the forum defendant rule, and questions relating to removal by defendants who have not yet been served." *See, e.g.*, *Poff v. McKesson*, No. 13-3115, 2013 WL 3949207, at *2 (N.D. Cal. July 30, 2013) (Judge Jeffrey White); *see also Flores v. McKesson*, No. 13-3153 (N.D. Cal. Aug. 2, 2013) (Judge Jon Tigar); *Alvarez v. McKesson*, No. 13-3112 (N.D. Cal. July 24, 2013) (Judge Thelton Henderson). Given, however, the circumstances of the instant action, namely that the MDL has already remanded similar actions because it found that McKesson had not been fraudulently joined, this order finds differently.

The question of whether a motion to stay, pending transfer to an MDL, should be decided before a motion to remand occurs frequently. It is best to rule in the way that most furthers judicial economy, unless this would unreasonably prejudice one of the parties. Thus, when a jurisdictional issue has not yet arisen before the MDL, a motion to stay has been denied and the action remanded to state court because burdening the MDL with a new jurisdictional issue would not be in the interest of judicial economy. *Marble v. Organon*, No. 12-2213, 2012 WL 2237271, at *3 (N.D. Cal. June 15, 2012). Where, however, other cases pending before the MDL have

1  raised the same jurisdictional issue, a stay was granted because it would be in the interest of
2  judicial economy to have all these issues decided together. *See, e.g.*, *Addison v. Bristol-Meyers
3  Squibb Co.*, No. 13-2166, 2013 WL 3187859, at *1 (N.D. Cal. June 21, 2013).

4  Here, the MDL *has already ruled* on the jurisdictional issue at stake. The MDL found
5  that "McKesson is not fraudulently joined as a defendant in this action . . . such that remand is
6  required both pursuant to the forum defendant rule and for lack of subject matter jurisdiction."
7  *In re Avandia*, 624 F. Supp. 2d 396, 421 (E.D. Pa. 2009) (Judge Cynthia Rufe). Under these
8  circumstances, judicial economy would not be served by a transfer to the MDL only to have the
9  MDL court remand the action back to state court.

10  GSK submits that upon its information and belief, McKesson had not been served with
11  the complaint on the date it removed the case (Dkt. No. 1 at 4). Not so. Plaintiffs' supplemental
12  briefing shows that McKesson was served with the complaint on July 2, 2013, the day of
13  removal. MDL Judge Cynthia Rufe has already found that in this specific fact pattern, a remand
14  is proper: "the case was removed from California court after McKesson was properly joined
15  and served, and hence in violation of the forum defendant rule." *In re Avandia*, 624 F. Supp. 2d
16  at 421.

17  GSK's removal in violation of the forum defendant rule alone is sufficient basis to grant a
18  remand. The forum defendant rule states that "a civil action otherwise removable . . . may not be
19  removed if any of the parties in interest properly joined and served as defendants is a citizen of
20  the State in which such action is brought." 28 U.S.C. 1441(b)(2). Removal would only have
21  been proper if GSK had been served before McKesson, the forum defendant. In the present
22  action, however, GSK removed after McKesson was served. As noted above, MDL Judge
23  Cynthia Rufe has already held that this constitutes improper removal and GSK has failed to
24  show any likelihood that she may now rule differently.

25  GSK nonetheless raises three arguments in support of its motion to stay. It argues that
26  McKesson has been fraudulently joined in this action because (1) no viable claim can be stated
27  against McKesson and (2) since 2009, no action was allegedly taken against McKesson in the
28  proceedings previously remanded by MDL Judge Cynthia Rufe. It also argues that (3) there is

3

federal jurisdiction under CAFA. Even assuming, *arguendo*, that GSK could remove the action despite the forum defendant rule, these arguments fail to persuade for the following reasons.

*First*, GSK argues that plaintiffs can state no viable claim against McKesson. During oral argument, counsel for GSK supported this argument by citing *Brown v. Superior Court*, 44 Cal. 3d 1049 (1988). That decision concerned product liability for manufacturers of pharmaceuticals. Under California law, however, distributors can also be liable for design defects. *Vandermark v. Ford Motor Co.*, 61 Cal. 2d 256, 262–263 (1964). It is thus plausible that plaintiffs may have a claim against McKesson. GSK failed to cite any binding authority to the contrary.

This conclusion is not altered by the Supreme Court's decision in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011). According to GSK, that decision preempts any state-law claim plaintiffs may have against McKesson, meaning McKesson was fraudulently joined in this action. Not so. A preemption defense goes to the merits of a plaintiff's case and cannot overcome the strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1045 (9th Cir. 2009). GSK failed to cite any binding authority that would suggest otherwise.

*Second*, GSK contends that McKesson was fraudulently joined because in the actions previously remanded by MDL Judge Cynthia Rufe, allegedly no action was taken against McKesson. The removal took place over four years ago and since then, GSK contends, the plaintiffs in those actions have not actively pursued any claims against McKesson. GSK argues this shows that McKesson has been fraudulently joined in the present action. This argument, too, must be rejected. During oral argument, counsel for plaintiffs disputed GSK's allegation that no action was taken against McKesson in those actions. But even if GSK's contention were true, that does not alter the conclusion for *this* action. The fact that no action was taken against McKesson in separate litigation, involving different plaintiffs and different counsel, cannot lead to the conclusion that McKesson, against which plaintiffs may have an otherwise viable claim, was fraudulently joined in *this* action.

4

*Third*, GSK contends that there is removal jurisdiction under CAFA in this action, an issue not yet addressed by MDL Judge Cynthia Rufe. But removal of a mass action under CAFA requires that the action involves at least 100 plaintiffs. 28 U.S.C. 1332(d)(11)(B)(I). That requirement is not met in the present action. Furthermore, Section 1332(d)(11)(c) explicitly precludes transfer of mass actions, removed pursuant to CAFA, to an MDL unless a majority of the plaintiffs request such transfer. Even if the action were removable under CAFA, GSK's motion to stay would therefore still be denied.

This order is not persuaded by GSK's contention that it would suffer prejudice if a stay is denied when it removed the action from state court despite the MDL's ruling that such removal is improper. To the contrary, it would cause undue prejudice to plaintiffs to be forced to file and argue motions to remand in two different courts before being sent back to square one — state court, where this action belongs.

**CONCLUSION**

GSK will not be granted a stay since the MDL has already made clear this action should be remanded. GSK's motion to stay is therefore **DENIED** and plaintiffs' motion to remand is **GRANTED**. The Clerk shall **REMAND** this action to the Superior Court for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: August 23, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5